STATE v. MANNING

---

STATE OF NORTH CAROLINA v. A. M. MANNING AND A. R. MANNING

No. 686SC404

(Filed 15 January 1969)

1. Trespass § 12— upon posted property for hunting, fishing or trapping — private pond

Whether a body of water is a "private pond" is not relevant to a

prosecution for trespass under G.S. 113-120.1, there being no requirement that a pond must be a "private pond" in order to post the notices and signs described in G.S. 113-120.2.

**2. Trespass § 12— upon posted property for hunting, fishing or trapping**

G.S. 113-120.1 prohibits hunting, fishing or trapping on properly posted lands or waters without the written consent of the owner or his agent, provided that in designated counties, including Halifax County, no arrest may be made for such violation without consent of the owner or his agent.

**3. Trespass § 13— upon posted property for fishing — consent of owner — lessee in possession**

In a prosecution in Halifax County under G.S. 113-120.1 for a trespass by fishing on properly posted lands and waters of a private club without the written consent of the owner or his agent, defendants' motion for nonsuit should be allowed where the State's evidence discloses that the private club is the lessee of the land under and around the lake upon which defendants were fishing, a lessee not being included within the term "owner" as used in the statute, G.S. 113-130, and there being no showing that defendants were fishing without the written consent of the actual owner, or that the owner consented to their arrest, or that the private club was the agent of the owner for these purposes.

APPEAL by defendants from *Mintz, J.,* 3 June 1968 Session, HALIFAX Superior Court.

The defendants were charged in identical warrants with the offense that on or about the 17th day of May, 1967, they did unlawfully, willfully and feloniously trespass and go on the land and waters of H & W Lake Club, Inc., upon which notices, signs, and posters prohibiting hunting, fishing or trapping have been placed, to hunt, fish or trap, without the written consent of the owner or its agent, in violation of Section 113-120.1 of the General Statutes of North Carolina and Chapter 1159 (Senate Bill 491) of the Session Laws of 1961 which declared Bellamy's Lake to be a private lake for purpose of enforcement of laws regarding trespass.

Defendants were found guilty in the Justice of the Peace Court and appealed to the Recorder's Court of Halifax County where they were found guilty. They then appealed to the Superior Court where they had trial *de novo* before a jury.

The evidence for the State tended to show the following: H & W Lake Club, Inc., was organized in about 1947 for the purpose of building (or rebuilding) a dam to create Bellamy's Lake. It is composed of approximately one hundred "members" who have the privilege of fishing in Bellamy's Lake. The club leases from the various owners all of the land inundated by the water of the lake, and all of the land bordering the lake with the exception of ap-

proximately fifty to one hundred feet where the water borders a public roadway. It has caused "no trespass" signs to be posted around and in the lake.

The club's president requested a constable to check persons fishing on the lake, and, if any were found fishing who were not "members" or guests of "members," to issue warrants against them for violating the trespass statute (G.S. 113-120.1).

On 17 May 1967 the constable found the two defendants fishing in Bellamy's Lake and caused the two warrants to be issued upon his oath before a justice of the peace. Neither of the defendants is a "member" of H & W Lake Club, and neither was a guest of a "member."

Both defendants were found guilty by the jury, and, from the verdict and the judgment, both defendants appealed to this Court.

*T. W. Bruton, Attorney General, by (Mrs.) Christine Y. Denson, Staff Attorney, for the State.*

*Moore & Cook, by Stanley G. Cook, for the defendants.*

BROCK, J.

This case has been considerably bothersome and confused. The State's evidence, and the conduct of the trial, concentrated upon the theory of establishing that Bellamy's Lake is a "private pond" both by virtue of descriptive testimony and by legislative declaration in Chapter 1159, Session Laws, 1961 (Senate Bill 491). Defendants' descriptive testimony tends to show that it does not come within the definition of a "Private pond" (G.S. 113-129); and defendants attack Chapter 1159, Session Laws, 1961, as being unconstitutional because it undertakes to grant an exclusive privilege which is not in consideration of public services (N. C. Const. Art. I, § 7.)

[1] G.S. 113-129 defines a "private pond"; but whether a pond is a "private pond" or not has no application to the trespass statute because there is no requirement that a pond must be a "private pond" in order to post the signs or posters described in G.S. 113-120.2. Therefore the argument as to whether Bellamy's Lake is or is not a "private pond" has no bearing upon a prosecution for trespass under G.S. 113-120.1. Also, we do not reach the question of the constitutionality of Chapter 1159, Session Laws, 1961, because it merely declares Bellamy's Lake to be a "private lake" and as we have said, this is not relevant to a prosecution for trespass under G.S. 113-120.1.

The statute under which these defendants are prosecuted reads as follows:

"§ 113-120.1. Trespass for purposes of hunting, etc., without written consent a misdemeanor. — Any person who wilfully goes on the land, waters, ponds, or a legally established water fowl blind of another upon which notices, signs or posters, described in § 113-120.2, prohibiting hunting, fishing, or trapping, or upon which 'posted' notices have been placed, to hunt, fish or trap *without the written consent of the owner or his agent* shall be guilty of a misdemeanor and punished by a fine of not less than fifteen dollars ($15.00) nor more than fifty dollars ($50.00) or by confinement in jail for not more than thirty days, in the discretion of the court, provided, that if a violation of this section be committed at nighttime between the hours of sunset and sunrise, the person so offending shall be punished by a fine of not less than thirty dollars ($30.00) nor more than fifty dollars ($50.00) or by confinement in jail for not more than thirty days, in the discretion of the court. Provided, further, that *no arrests under authority of this section shall be made without the consent of the owner or owners of said land, or their duly authorized agents in the following counties: Halifax,* Onslow, Warren." (Emphasis added.)

**[2]** It seems clear that it is the hunting, fishing, or trapping on properly posted lands or waters without the *written consent of the owner or his agent* that is declared a misdemeanor by the statute. Also, insofar as Halifax County is concerned, no arrest is to be made for such violation *without the consent of the owner or his agent.*

Article 12 of Chap. 113 of the General Statutes provides definitions of various terms used in Chap. 113. Under Art. 12 we find in G.S. 113-130 a definition of "owner" as follows:

". . . as for real property, refers to persons having the present right of control, possession, and enjoyment, whether as life tenant, fee holder, beneficiary of a trust, or otherwise. *Provided, that this definition does not include lessees of property* except where the lease arrangement is a security device to facilitate what is in substance a sale of the property to the lessee." (Emphasis added.)

**[3]** In the case before us the H & W Lake Club is clearly a lessee of the land under and around Bellamy's Lake, and as such the Club does not fulfill the term *owner* as used in G.S. 113-120.1, *supra,* under which the defendants were prosecuted. There has been

no showing that the defendants were fishing without the written consent of the *owner*, there has been no showing that the *owner* consented to their arrest, and no showing that H & W Lake Club was the *agent of the owner* for these purposes.

It seems reasonably clear that the two defendants deliberately ignored the "no trespass" signs, and that they were unwelcomed intruders; nevertheless the State has the burden of producing evidence to substantiate its charges against the defendants. This it has failed to do.

The defendant's motions for judgment of nonsuit for failure of the State's evidence to make out a case against them should have been allowed and the charges dismissed.

Reversed.

BRITT and PARKER, JJ., concur.